UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEVON ALFONO WILLIAMS,

          Plaintiff,

    v.

RAVIJOT GILL, et al.,

          Defendants.

Case No.: 1:26-cv-02864-EGC (PC)

**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS OR TO PAY THE FILING FEE FOR THIS ACTION**

<u>21-Day Response Deadline</u>

Plaintiff Devon Alfono Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.     INTRODUCTION

Plaintiff filed his complaint on April 16, 2026. (Doc. 1.) That same date, Plaintiff submitted a Judicial Council of California "Request to Waive Court Fees" form. (*See* Doc. 2.)

On April 20, 2026, this Court issued its Order to Submit Application to Proceed In Forma Pauperis (IFP) or Pay Filing Fee Within 45 Days. (Doc. 5.) Plaintiff was directed to "submit the attached application to proceed *in forma pauperis*, completed and signed, or in the alternative, pay the $405 filing fee …." (*Id*. at 1.) The Order included this Court's "Application to Proceed In Forma Pauperis by a Prisoner" form. (*See* Doc. 5-1 at 2-3.)

More than 45 have passed, but Plaintiff has failed to file the proper IFP form[1] nor has he paid the filing fee for this action.

**II.      DISCUSSION**

The Local Rules, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to comply with the Court's April 20, 2026, order. Despite the passage of more than 45 days, Plaintiff has failed to submit this Court's IFP application, completed and signed, nor has he paid the required $405 filing fee for this action.

**III.      CONCLUSION AND ORDER**

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order of April 20, 2026. Alternatively, within that same time, Plaintiff may apply to proceed IFP using the previously provided application or pay the filing fee in full.

//

//

//

---

[1] This Court does not use Judicial Council of California forms. Therefore, Plaintiff was directed to complete and sign this Court's IFP application form, as served to him with the April 20, 2026, Order.

2

**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **June 8, 2026**

_____
UNITED STATES MAGISTRATE JUDGE