UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON ALFONO WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>RAVIJOT GILL, et al.,<br><br>Defendants. | Case No.: 1:26-cv-02864-EGC (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>14-Day Objection or Alternative Submission Period<br><br>Clerk of the Court to Assign District Judge and to Serve Plaintiff with Another IFP Application Form |

Plaintiff Devon Alfono Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      RELEVANT BACKGROUND**

Plaintiff filed his complaint on April 16, 2026. (Doc. 1.) That same date, Plaintiff submitted a Judicial Council of California "Request to Waive Court Fees" form. (*See* Doc. 2.)

On April 20, 2026, this Court issued its Order to Submit Application to Proceed In Forma Pauperis (IFP) or Pay Filing Fee Within 45 Days. (Doc. 5.) Plaintiff was directed to "submit the **attached** application to proceed *in forma pauperis*, completed and signed, or in the alternative, pay the $405 filing fee …." (*Id*. at 1, bold added.) More specifically, the order included this Court's "Application to Proceed In Forma Pauperis by a Prisoner" form. (*See* Doc. 5-1 at 2-3.)

When more than 45 days passed without a response from Plaintiff, the Court issued its Order to Show Cause (OSC) in Writing Why Sanctions Should Not be Imposed for Plaintiff's Failure to Submit an Application to Proceed In Forma Pauperis or to Pay the Filing Fee for this Action. (Doc. 7.)

On June 26, 2026, Plaintiff submitted a written response to the OSC (Doc. 8) and another Judicial Council of California fee waiver form (Doc. 9).

**II.    DISCUSSION**

Plaintiff continues to submit the incorrect form[1] — a Judicial Council of California "Request to Waive Court Fees" form — despite this Court's order that he submit the proper federal form. In fact, this Court's "Application to Proceed In Forma Pauperis by a Prisoner" form was served to Plaintiff along with the Court's April 20, 2026, order. (*See* Doc. 5-1 at 2-3.)

When Plaintiff did not submit this Court's IFP application within 45 days, the Court issued its OSC – the OSC includes the following explanation: "**This Court does not use Judicial Council of California forms.** Therefore, Plaintiff was directed to complete and sign this Court's IFP application form, as served to him with the April 20, 2026, Order." (*See* Doc. 7 at 2, fn. 1, emphasis added.)

Notably too, Plaintiff's response to the OSC does not address the different forms in any way. Rather, Plaintiff states that he is "still waiting" on a "Statement report" from officials, is indigent and cannot afford to pay the full filing fee and is not working due to a disability. (Doc. 8.) Plaintiff appears to believe that the previously submitted forms comply with the Court's previous orders. No so. Because Plaintiff continues to submit the incorrect form, he is not obeying Court orders.

As a result, the Court will recommend this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute. However, in the alternative, the Court will provide Plaintiff with **one final opportunity** to provide the correct IFP application – this Court's "Application to Proceed In Forma Pauperis by a Prisoner" form.

---

[1] *See* Docs. 2 & 9.

### *Legal Standards and Analysis*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff has failed to comply with the Court's order to submit a completed and signed Application to Proceed In Forma Pauperis (IFP) by a Prisoner form. (*See* Docs. 5 & 7.) Instead, Plaintiff continues to file the incorrect form – a Judicial Council of California "Request to Waive Court Fees" form. That state form is different than the federal form used in this Court. (*Cf.* Doc. 2 to Doc. 5-1.) The Court will not construe the state forms submitted by Plaintiff to be the IFP application used in this Court. Plaintiff is required to submit the correct form so that a determination regarding IFP status can be made by the undersigned. Simply put, he has not done so and continues to submit the incorrect form. The Court cannot effectively manage its docket if Plaintiff ignores Court orders and effectively ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

3

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's April 20, 2026, order instructed Plaintiff to file the "attached" IFP application within 45 days. (Doc. 5.) And the OSC issued June 8, 2026, instructed Plaintiff to file a written response, or, alternatively, to "apply to proceed IFP using the previously provided application or pay the filing fee in full" within 21 days. (Doc. 7.) Instead, Plaintiff filed yet another incorrect form. In doing so, Plaintiff has failed to comply with the Court's orders. Plaintiff's failure to comply by submitting the required *federal* form, amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury because it prevents the Court from deciding whether Plaintiff is entitled to IFP status in this case.[2] Therefore, the third factor— a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to submit the proper IFP application, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued April 17, 2026, Plaintiff was advised, in relevant part: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by

---

[2] Again, this Court does not use Judicial Council of California forms, and in particular it does not use the "Request to Waive Court Fees" form. A prisoner plaintiff in this district is required to complete this Court's form titled "Application to Proceed In Forma Pauperis by a Prisoner."

4

this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1.) That same order advised Plaintiff that "all Court deadlines are strictly enforced." (*Id*. at 5.) Further, in its April 20, 2026, the Court cautioned: "**Failure to comply with this order will result in dismissal of this action**." (Doc. 5 at 1, emphasis in original.) Finally, in the OSC issued June 8, 2026, Plaintiff was warned as follows: "**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute**." (Doc. 7 at 3, emphasis in original.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### *One Final Opportunity to Submit Correct IFP Application*

The Court recognizes dismissal is a harsh remedy. Therefore, it will provide Plaintiff with one final opportunity to submit the correct IFP form. The Court will direct the Clerk to send Plaintiff another blank IFP application. If Plaintiff submits the correct IFP application, completed and signed, within the same 14-day objection period, the undersigned will vacate these findings and recommendations and will consider whether Plaintiff should be granted IFP status. If, however, Plaintiff fails to submit the correct IFP application or submits another incorrect state form, the undersigned's recommendation to dismiss this action without prejudice for Plaintiff's failure to obey court orders and failure to prosecute will be submitted to a district judge for consideration.

### III.    ORDERS AND RECOMMENDATION

Accordingly, the Court **HEREBY ORDERS** that:

1. The Clerk of the Court randomly assign a district judge to this action; and

2.  The Clerk of the Court serve Plaintiff with a blank Application to Proceed In Forma Pauperis by a Prisoner form.

Further, the undersigned **HEREBY RECOMMENDS** that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.[3]

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **June 29, 2026**    _____
                                 UNITED STATES MAGISTRATE JUDGE

---

[3] Again, Plaintiff can avoid dismissal of this action by submitting the proper federal IFP application within 14 days of the date of service of this order.

6